UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MATTHEW A. TOBIN,

    Plaintiff,

v.                                            Case No. 3:24cv621-LC-HTC

JUDGE MICHAEL A. FLOWERS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Matthew A. Tobin, a prisoner proceeding *pro se* and *in forma pauperis*, filed a handwritten document purporting to be a civil rights complaint under 42 U.S.C. § 1985 containing vague conspiracy allegations and seeking millions of dollars against two state court judges and the Okaloosa County Board of County Commissioners ("OCBCC"). Doc. 1. After reviewing the "complaint," the Court concluded that it failed to state a claim against the Defendants because the judges are immune from liability and there were no facts alleged against the OCBCC. Doc. 4. Nevertheless, the Court gave Tobin an opportunity to file an amended complaint and advised him of the applicable legal standards. *Id.* Tobin's amended complaint, Doc. 8, however, fails to cure the deficiencies identified and continues to fail to state a claim. Moreover, Tobin has failed to pay the required initial partial filing fee as instructed and has not complied with Court orders. Thus,

for the reasons set forth herein, the undersigned recommends that this case be dismissed.

## I.    Background

Tobin, an inmate of the Florida Department of Corrections incarcerated at Santa Rosa Correctional Institution, names three Defendants in his amended complaint: Judge Michael A. Flowers, Judge John Jay Gontarek, and the Okaloosa County Board of County Commissioners. His amended complaint, in its entirety, states:

> 13-CA-5168. In 2013 Tobin filed a lawsuit in state court against the OCBCC and three other defendants. This case led to a meeting in the Judge's, Flowers Chambers, but was halted because of missing documents. Or so it was thought. Instead those documents were already on file. Tobin has tried to seek judicial attention on this case many times since with [indiscernible handwriting] Judge(s) but was either ignored or…well ignored. A civil action in state court should not take over a decade to receive fair judicial attention. Furthermore, Judge Gontarek filed a civil child custody/support case under a criminal case number and has it struck from the record. See attached.[1] Even more recently Tobin is being refused access to civil actions in state court by Judge Gontarek on a malpractice suit attempting to be filed in the First Judicial Circuit.

Doc. 8 at 5-6. Based on these allegations, Tobin sues Defendants under 42 U.S.C. § 1985(2) and seeks "actual damages for the lawsuit that has yet to receive judicial attention," "punitive damages because this same judicial court is proving a pattern of obstructing Tobin's actions in state court," and "$200 million." Doc. 8 at 7, 9.

---

[1] Tobin's amended complaint, Doc. 8, includes no attachments.

## II. Legal Standard

Because Tobin is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To state a claim, Tobin must plead factual content which allows the Court to draw the reasonable inference that the named Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must liberally construe Tobin's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III. Discussion

### A. The Judges are Immune from Liability

Tobin sues state court Judges Flowers and Gontarek in their individual and official capacity. As this Court previously told Tobin, judges are "entitled to absolute judicial immunity from damages for actions taken while acting in [their] judicial capacity, unless [they] acted in the clear absence of all jurisdiction." *Higdon v. Tusan*, 746 F. App'x 805, 810 (11th Cir. 2018) (internal citations and quotations

omitted); *see also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Judicial immunity applies even if a judge's actions are erroneous, malicious, or exceed the judge's jurisdiction. *See id.*; *see also Medrano v. Sunny Isles Beach Police Dep't*, 2007 WL 9703577, at *2 (S.D. Fla. Jan. 16, 2007) ("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'") (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985)). Here, Tobin's claims revolve around Judge Flowers' and Judge Gontarek's handling of state court cases (e.g., managing documents, striking things from the record, initiation of a lawsuit), and nothing shows either judge acted in the clear absence of all jurisdiction. Accordingly, his individual capacity claims against these judges are barred by judicial immunity.

Tobin's claims against the judges in their official capacity are barred by the Eleventh Amendment because such claims are ones against the State of Florida. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996) (holding that damages against a circuit court judge sued in his official capacity are barred by sovereign immunity because the suit is one against the judge's employer, the State); *Badillo v. Thorpe*, 158 F. App'x 208, 212-13 (11th Cir. 2005) (holding claims against Florida circuit court judge and county administrator in their official capacity are barred by Eleventh Amendment immunity). The Eleventh Amendment provides that states are immune from civil suits. *See* U.S. Const. amend. XI. ("[t]he Judicial power of the

United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States"). "Congress has not abrogated Eleventh Amendment immunity in 42 U.S.C. §§ 1981, 1983, or 1985 cases, and Florida has not waived its Eleventh Amendment immunity in federal civil rights actions." *Henry v. Fla. Bar*, 701 F. App'x 878, 880 (11th Cir. July 14, 2017).

Because Tobin's claims against the Judges are barred by judicial immunity and the Eleventh Amendment, they should be dismissed.

### B. Failure to State a Claim Against the OCBCC

This Court also previously directed Tobin that he has failed to state a claim against the OCBCC because he has set forth "no facts regarding OCBCC, let alone specific facts indicating OCBCC was involved in the alleged conspiracy." Doc. 4. Tobin's amended complaint continues to fail to contain any such facts.

"Section 1985 provides a vehicle to redress conspiracies to interfere with civil rights." *Farese v. Scherer*, 342 F.3d 1223, 1230 (11th Cir. 2003) (internal citations omitted). Section 1985(2) contains six clauses "provid[ing] a cause of action for two types of conspiracies: '[T]he first four clauses … refer to conspiracies … designed to obstruct the course of justice in any court of *the United States*' while 'the last two clauses … refer to conspiracies designed to deny or interfere with equal protection rights.'" *Jimenez v. Wizel*, 644 F. App'x 868, 873 (11th Cir. 2016) (citing *Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A Jan. 1981)) (emphasis added).

"To state a claim under § 1985(2) … the plaintiff must [therefore] either 'show a nexus between the alleged conspiracy and a proceeding in *federal court*' or 'show a racial or otherwise class-based discriminatory animus.'" *Id.* (citing *Bradt*, 634 F.2d at 796) (emphasis added).

Here, Tobin's claims are premised on state court proceedings—rather than federal court proceedings—and he has not alleged, let alone shown, an underlying racial or class-based animus; thus, he fails to state a claim for either type of conspiracy. Additionally, Tobin has not "provide[d] sufficient allegations to make plausible that there was a 'meeting of the minds between two or more persons to accomplish [the] common and unlawful plan,'" which is required "[i]rrespective of the type of conspiracy alleged." *Id.* (citing *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)) (en banc). Indeed, his scantly pled amended complaint contains no specific facts about the underlying conduct of Defendants nor identifies a "common and unlawful plan" or a "meeting of the minds." *See Collins v. Bates*, 2018 WL 5090845, at *7 (11th Cir. May 10, 2018) (finding the plaintiff's "vague and conclusory allegation that all of the defendants conspired against him was insufficient to establish the existence of a conspiracy for purposes of establishing a §§ 1983, 1985, or 1986 violation") (internal citations omitted); Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Because Tobin fails to state a claim against the OCBCC, the claim should be dismissed.

### C. Tobin has Failed to Pay the Initial Partial Filing Fee

As an additional and independent ground for dismissal, Tobin has failed to pay the initial partial filing fee as instructed and has not complied with Court orders. On January 31, 2025, the Court granted Tobin's second motion to proceed *in forma pauperis* and required him to pay an initial partial filing fee of $20 within twenty-one (21) days. Doc. 11. The Court warned Tobin that his failure to pay the fee as instructed could result in a recommendation that this case be dismissed. *Id.* The twenty-one (21) day period has expired, and Tobin has not paid the fee. Based on the foregoing, dismissal of this case is appropriate. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under [Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted).

### IV. Conclusion

After Tobin filed his original complaint, Doc. 1, the Court issued an order describing the applicable legal standards and advising him that he failed to state a

claim based on judicial immunity and the lack of factual allegations contained in his complaint. Doc. 4. The Court gave Tobin an opportunity to submit an amended complaint, *id.*, and specifically directed him as to the applicable legal standards.

Although Tobin has submitted an amended complaint, Doc. 8, it continues to fail to state a claim and continues to sue state court judges who are immune from liability. Because Tobin has not cured the deficiencies previously identified, and for the other reasons set forth herein, this case should be dismissed with prejudice. *See Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 945-46 (11th Cir. 2015) ("A *pro se* litigant must be given at least one opportunity to amend his complaint before the court dismisses the action with prejudice if it appears that a more carefully drafted pleading would state a claim upon which relief could be granted.").

Accordingly, it is RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim and for failure to follow Court orders.

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of February, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.

Case No. 3:24cv621-LC-HTC